IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO GUTIERREZ, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-02425 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | JURY |
|    *Defendant*. | § | |
| | § | |

**DEFENDANT ALLSTATE TEXAS LLOYDS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL APPRAISAL AND ABATEMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Allstate Texas Lloyds ("**Allstate**" OR "**Defendant**") files this response to Plaintiff's Motion to Compel Appraisal and Abatement and respectfully shows the Court the following:

**I.
SUMMARY OF RESPONSE**

1.1   Appraisal is not appropriate in this case because the primary dispute among the parties is one of coverage, which cannot be resolved by the appraisal process.

1.2   Plaintiff filed claims under his flood insurance and property insurance policies. Plaintiff was paid $48,500 for his flood insurance claim. Plaintiff sought additional amounts. Allstate informed the Plaintiff that no covered losses were found pursuant to his property insurance claim because all of the damages found were due to flooding and no wind-created openings were found on the home.

1.3   When Plaintiff invoked appraisal, Allstate informed him that disputes pertaining to coverage cannot be resolved by appraisal. Accordingly, Defendant requests that the Court dismiss Plaintiff's Motion to Compel Appraisal and Abatement.

1

## II.
## EXHIBITS IN SUPPORT OF MOTION

EXHIBIT "1"		Flood Claim Determination Letter
EXHIBIT "2"		Allstate's Response to Invocation of Appraisal

## III.
## FACTS

3.1	Plaintiff's property sustained flood-related damage on or about August 27, 2017 ("**Hurricane Harvey**").  As a result of Hurricane Harvey, Plaintiff filed a claim through his flood-insurance policy numbered 001803392404 ("**Flood Policy**"), which was assigned claim number 0472054378 ("**Flood Claim**").  Plaintiff also filed a windstorm claim under his homeowner's insurance policy numbered 0472350321 ("**Homeowner's Policy**"), which was assigned claim number 000938806576 ("**Homeowner's Claim**").

3.2	Theresa Cyr inspected Plaintiff's property on September 3, 2017, to identify damages pursuant the Flood Claim and the Homeowner's Claim.  Ultimately, Plaintiff was paid $48,500 for his Flood Claim.

3.3	With respect to the Homeowner's Claim, Allstate sent a written acknowledgement of the claim on September 1, 2017.  Theresa Cyr assessed the property for the Homeowner's Claim during her September 3, 2017, inspection.  During that inspection, Cyr prepared a Home Inspection Checklist, which confirmed that all of the damage found was due to 1) flood; and/or 2) long term wear & tear; and/or 3) wind-driven rain. Plaintiff signed the Home Inspection Checklist.

3.4	On September 6, 2017, Allstate sent Plaintiff a letter detailing its claim determination for Plaintiff's Homeowner's Claim. (Exhibit "1").  Allstate informed the Plaintiff

that it found no losses that would be covered by Plaintiff's Homeowner's Policy. Allstate included language from the insurance policy that stated that only the perils named in the policy would be covered and that losses caused by a Hurricane would not be covered unless there was a wind-created opening.

3.5     Plaintiff's Homeowner's Policy lists the perils that are insured under the policy, as follows:

### SECTION I — PERILS INSURED AGAINST

**COVERAGE A (DWELLING) AND COVERAGE B (PERSONAL PROPERTY)**

We insure against physical loss to the property described in Coverage A (Dwelling) and Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions.

1. **Fire and Lightning**.

2. **Sudden and Accidental Damage from Smoke**.

    This peril does not cover loss caused by smog or by smoke from industrial or agricultural operations.

3. **Windstorm, Hurricane and Hail**.

    This peril does not cover:

    a. loss to the following:

       (1) cloth awnings, greenhouses and their contents, buildings or structures located wholly or partially over water and their contents.

       (2) radio and television towers, outside satellite dishes, masts and antennas, including lead-in wiring, wind chargers and windmills.

    b. loss caused by rain, snow, sand or dust, whether or not driven by wind, unless the direct force of wind or hail makes an opening in the roof or wall and the rain, snow, sand or dust enters through this opening and causes the damage.

4. **Explosion**.

5. **Aircraft and Vehicles**.

    This peril does not cover loss caused by any vehicle owned or operated by an occupant of the **residence premises**.

6. **Vandalism and Malicious Mischief**.

7. **Riot and Civil Commotion**.

8. **Theft**, including attempted theft and loss of property from a known place when it is likely that the property has been stolen.

    The peril does not cover:

    a. personal property while away from the **residence premises** at any other residence owned by, rented to or occupied by an **insured**, except while an **insured** is temporarily living there.

    b. personal property while away from the **residence premises** and unattended in or on any motor vehicle or trailer, other than a public conveyance, unless all its doors, windows and other openings are closed and locked and there are visible marks of forcible entry.

    Property is not unattended when the **insured** has entrusted the keys of the vehicle to a custodian.

    c. building materials and supplies not on the **residence premises**.

(*See* Plaintiff's Motion, Exhibit "A").

3.6     The Homeowner's Policy does not state that it affords coverage for losses caused by (1) flooding; and/or (2) long-term wear and tear; and/or (3) wind-driven rain that did not result from wind-created openings.

3.7     On December 27, 2017, Plaintiff's attorney sought to invoke appraisal. (Exhibit

3

"2"). On January 3, 2018, Allstate wrote a letter to Plaintiff's attorney informing him that appraisal is not appropriate for resolving disagreements pertaining to coverage. *Id.* Accordingly, Allstate declined to participate in appraisal.

## IV.
## ARGUMENT & AUTHORITIES

4.1 The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court. *See Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 782 (S.D. Tex. 2011) citing *Lundstrom v. United Servs. Auto. Ass'n–CIC*, 192 S.W.3d 78, 87 (Tex.App.-Houston [14th Dist.] 2006, pet. denied). An appraiser must "decide the 'amount of loss,' not to construe the policy or decide whether the insurer should pay." *Id*. citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex.2009).

4.2 Here, the Plaintiff seeks to enforce the appraisal provision despite the fact that the damages sustained by his property were determined not to be covered under the policy. Plaintiff therefore seeks to have an appraiser make coverage determinations regarding his Homeowner's Claim. Therefore, Defendants request the Court deny Plaintiff's motion because Plaintiff's request for appraisal is not an appropriate method to resolve the issues raised in this case.

## CONCLUSION & PRAYER

Allstate respectfully requests that the Court deny Plaintiff's motion to compel appraisal so that the parties are free to address the coverage issues that comprise the bulk of Plaintiff's claims, and for all other relief to which it may be justly entitled.

6587596v1
03647.580

Respectfully submitted,

By:   _/s/ Jay Scott Simon_____
      Jay Scott Simon
      State Bar No. 24008040
      Southern District No. 31422
      jsimon@thompsoncoe.com
      THOMPSON, COE, COUSINS & IRONS, L.L.P.
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone:  (713) 403-8210
      Telecopy:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      This is to certify that on December 28, 2018, a true and correct copy of the foregoing was served upon the following Counsel of Record in accordance with the Federal Rules of Civil Procedure:

Eric B. Dick, LL.M.
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
eric@dicklawfirm.com

      _/s/ Jay Scott Simon_____
      Jay Scott Simon

6587596v1
03647.580